| | |
|---|---|
| **JAMES ADAMS, on behalf of himself and other Oklahoma citizens similarly situated,** | |
| **Plaintiff,** | **Case No. 4:18-cv-568-GKF-FHM** |
| **v.** | |
| **(1) EAGLE ROAD OIL LLC,** **(2) CUMMINGS OIL COMPANY,** **(3) TERRITORY RESOURCES, LLC,** **(4) ENERVEST OPERATING, L.L.C.,** **(5) PETRO WARRIOR, L.L.C.,** **(6) PETROQUEST ENERGY, LLC, and** **(7) TRINITY OPERATING (USG), LLC,** | |
| **Defendants.** | |

---

## MEMORANDUM OF LAW IN SUPPORT

### OF

## PLAINTIFFS' MOTION TO REMAND

---

This memorandum is filed in support of Plaintiffs' motion to remand. For the reasons that follow, this Court must refrain from exercising jurisdiction over this case because this action is a local dispute brought (1) exclusively by Oklahoma citizens, (2) against more than one Oklahoma citizen that is a significant defendant, (3) where all of the injuries were incurred in Oklahoma, and (4) no other class action alleging the same facts had been filed in the preceding three years of the filing of the original Petition. Thus, remand is mandated by 28 U.S.C. § 1332 (d)(4)(A).

## FACTUAL SUMMARY

On September 3, 2016, a magnitude-5.8 earthquake hit near Pawnee, which was the largest earthquake ever experienced in the State of Oklahoma (the "5.8m Pawnee Quake"). TACP, ¶28.[1] This action followed about two months later, and regards the 5.8 Pawnee Quake and other follow-on induced seismicity near Pawnee in the fall of 2016.

Plaintiff is a citizen of Oklahoma, and he has brought this class case on behalf of other similarly situated Oklahoma citizens. As such, the Plaintiff and each member of the Class is a citizen of the State of Oklahoma.

These Oklahomans allege that the 5.8m Pawnee Quake was not an act of God, but instead was caused by fracking wastewater disposal operations by Defendants in areas near Pawnee, Oklahoma, and resulted in damages to their properties – all of which are within Oklahoma's borders. Further, the operative petition alleges through science that Defendants polluted the Arbuckle formation deep below Oklahoma with wastewater, and the disposal of that wastewater into the Arbuckle caused the 5.8m Pawnee Quake and other related seismicity. TACP, ¶¶ 18 – 44.

This case was filed on November 17, 2016. It was the first-filed class case related to the 5.8m Pawnee Quake and related seismicity.

Thereafter, on December 21, 2016, Defendant Cummings Oil Company ("Cummings") removed the action and it was assigned to Judge Claire V. Eagan. After full briefing on Plaintiffs' then motion to remand, Judge Eagan determined the Court lacked federal question jurisdiction and

---

[1] Paragraph references to the operative Third Amended Class Action Petition shall be, "TACP, ¶ ____."

remanded the case back to Pawnee District Court. *Adams v. Eagle Road*, N.D. Okla., Case No. 4:16-cv-00757-CVE-tlw, Doc. 37.

On August 27, 2018, Plaintiffs filed their Third Amended Class Petition ("TACP"), which is the operative petition. Doc. 2-1. The main purpose of the amendment was to add additional wastewater disposal operators that contributed to the 5.8m Pawnee Quake, and the other induced seismicity at issue in this proceeding. The named Defendants[2] are:

a. Eagle Road Oil, LLC ("Eagle Road"): Eagle Road was a named defendant in the original petition filed in November of 2016. It is a citizen of Oklahoma. TACP, ¶6.

b. Cummings: Cummings was also a named defendant in the original petition, and is also a citizen of Oklahoma. TACP, ¶7.

c. Territory Resources, LLC ("Territory Resources"): Territory Resources was added as a Defendant in the TACP, and is a citizen of Oklahoma. TACP, ¶8.

d. Enervest Operating, LLC ("Enervest") was also added as a Defendant in the TACP, and it is a citizen of Texas. TACP, ¶9.

e. Petro Warrior, LLC ("Petro Warrior"): Petro Warrior was added as a Defendant in the TACP, and it is also an Oklahoma citizen. TACP, ¶10.

f. Petroquest Energy, LLC ("Petroquest"): Petroquest was added as a Defendant in the TACP. It is a citizen of Louisiana, and recently filed for bankruptcy protection. Doc. 30. TACP, ¶11. As such, this action is stayed as to Petroquest.

---

[2] Some of the named Defendants are incorporated under the laws of Delaware, but none of them have their principal place of business there.

g. Trinity Operating (USG) LLC ("Trinity"): Trinity was also added as a Defendant in the TACP. It is a citizen of Texas.[3] TACP, ¶12.

The TACP also makes allegations regarding the contributions of each of the Defendants to the induced seismicity at issue. These allegations are summarized as follows:

a. Territory is the biggest polluter and contributor to the 5.8m Pawnee Quake and related seismicity. Its disposal wells, all located within the State of Oklahoma, disposed of more than 3.7 billion gallons of wastewater into Oklahoma's Arbuckle. TACP, ¶41. It is a citizen of Oklahoma, and obviously, is a significant defendant given the enormity of its wastewater disposal into the Arbuckle. TACP, ¶¶8, and 41.

b. Eagle Road and Enervest operated five disposal wells in the area around Pawnee, and disposed of more than 700 million gallons of wastewater into the Arbuckle. Eagle Road, a citizen of Oklahoma, is a significant Defendant in this action due to its substantial contributions in waste. TACP, ¶¶6, 9, and 40.

c. Petro Warrior operated two disposal wells near Pawnee, and disposed of more that 505 million gallons of wastewater into the Arbuckle, and thus, it is a significant Defendant. It is also an Oklahoma citizen. TACP, ¶¶ 10, and 42.

d. Similarly, Cummings operated two disposal wells near Pawnee, and disposed of more that 505 million gallons of wastewater into the Arbuckle, and thus, it is also significant Defendant. It is a citizen of Oklahoma. TACP, ¶7, and 43.

---

[3] The TACP has an error in citizenship and states Trinity is a citizen of Florida, but its principal place of business and citizenship is Texas.

e. Trinity removed this case from state court, but is the least culpable of the Defendants. Through four disposal wells, it polluted the Arbuckle with about 297 million gallons of waste. It is a citizen of Texas. TACP, ¶12, and 44.

The "Class" is defined in the TACP as follows:

a) Citizens of Oklahoma;

b) Owning or having an ownership interest in a residential or business property within the borders of Oklahoma (hereafter, the "Class Area");

c) during the dates of seismic activity between September 3, 2016 to November 30, 2016 (the "Class Period");

d) which suffered earthquake damages to such properties from the earthquakes with epicenters within a radius of 30 miles of Pawnee, Oklahoma during the Class Period;

e) excluded from the Class are all Class member properties on exclusive federal and/or tribal or Indian land, or lands subject to federal oversight in any way; and,

f) excluded from the Class are:

    i. defendants and their officers and directors, employees, and/or agents;

    ii. any person or entity having an active lawsuit alleging similar induced seismicity claims and damages from the same earthquakes at issue in this action;

    iii. the judge presiding over this action and his/her immediate family members; and,

iv. any person or entity that timely "opts out" of the Class in accordance with the orders of the Court.

TACP, ¶47.

## LAW AND ARGUMENT

Trinity removed this action by ignoring altogether the jurisdictional allegations within the amended petition and controlling law, all of which demonstrate that this Court must decline jurisdiction under the Class Action Fairness Act's ("CAFA") "local controversy" exception. 28 U.S.C. § 1332(d)(4)(A); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240 (10th Cir. 2009).

This memorandum will show why jurisdiction is proper in state court, and this motion o remand must be granted.

### A. **Legal Standard**.

The Tenth Circuit has a well-established presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289 (10th Cir. 2001). The party seeking removal bears the burden of establishing the appropriateness the removal. *Id.* This burden is a heavy one as "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005). Indeed,

> [a] defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*In Re: Gen. Motors Corp.,* No. MDL 04-1600, 2005 U.S. Dist. LEXIS 37171, at *8 (W.D. Okla. July 6, 2005) (internal citations omitted).

Trinity incorrectly asserts that the Class Action Fairness Act ("CAFA") confers jurisdiction over this action. CAFA expressly mandates that the Court refrain from exercising jurisdiction over

this case because it is a truly local dispute properly pursued in Pawnee District Court.

**B.  28 U.S.C. § 1332(d)(4)(A) requires
      the Court to refrain from exercising jurisdiction**.

Federal courts must refrain from exercising jurisdiction over local class action disputes under 28 U.S.C. § 1332(d)(4)(A) when: (1) greater than two-thirds of the members of the proposed class(es) are citizens of the state; (2) at least one defendant is a citizen of that state and is a significant defendant; (3) the principal injuries were incurred in the state; and (4) no other class action alleging the same facts has been filed in the preceding three years.  Thus, class actions with a truly local focus should not be removed to federal court, because state courts have a strong interest in adjudicating these local disputes.  *Coffey*, 581 F.3d at 1243.

**C.  All class members are citizens of Oklahoma.**

Plaintiff and the putative class are citizens of Oklahoma. TACP, ¶¶ 5, and 47 (a). The first element of §1332(d)(4)(A) is satisfied.

**D.  At least one Defendant is an Oklahoma citizen and is a significant defendant.**

This case also satisfies the second element of the local controversy exception--the "significant defendant test." This element requires that (1) at least one defendant be a citizen of the state in which the action was originally filed; (2) the class seek significant relief from the in-state defendant; and (3) the in-state defendant's conduct form a significant basis for the claims asserted by the putative class. 28 U.S.C. § 1332(d)(4)(A). This "exception tells federal courts to remand when *most* of the class members are local, *most* of the injuries occurred locally, and at least one of the 'significant' defendants is an in-state citizen." *Phillips v. Severn Trent Environ. Serv., Inc.,* No. 07-3889, 2007 U.S. Dist. LEXIS 69536, at *9 (E.D. La. Sept. 19, 2007).

Here, Eagle Road, Cummings, Territory Resources, and Petro Warrior are all Oklahoma citizens, and thus, it is clear that at least one defendant is a citizen of the state in which the action

was originally filed. Moreover, as alleged in the petition, each of these four Oklahoma defendants contributed massive volumes of waste into Oklahoma's Arbuckle, contributed significantly to the harm complained of, and moreover, significant relief is sought from all four of them. In fact, in-state Defendant Territory Resources was the largest contributor to the 5.8m Pawnee Quake and related seismicity. Eagle Road, Cummings, and Petro Warrior, each a citizen of Oklahoma, are even more significant polluters/defendants than removing defendant Trinity. Without question, the second element of §1332(d)(4)(A) is also satisfied.

**E. Plaintiffs' principal injuries occurred in Oklahoma.**

This case involves claims solely related to pollution that originated and occurred solely in Oklahoma, and all of Plaintiff's and Class member injuries occurred within the State of Oklahoma. TACP, ¶47 (b). This is the precise type of "local injury" envisioned by Congress when it created this exception to federal jurisdiction. This third element of §1332(d)(4)(A) is also met.

**F. This case is the first-filed class action asserting same or similar claims.**

This was the first-filed class case concerning the 5.8m Pawnee Quake and related seismicity. As such, the final element of §1332(d)(4)(A) is also met.

**G. An award of attorneys' fees and costs is warranted under § 1447(c).**

28 U.S.C. § 1447 (c) allows for recovery of fees and costs with an order remanding a case to state court. Such recovery is warranted here as Trinity ignored the jurisdictional allegations within the TACP, and moreover, failed to address 28 U.S.C. § 1332(d)(4)(A) and *Coffey* in its Notice of Removal.

**CONCLUSION**

This is exactly the kind of case Congress envisioned when creating exceptions to the Class Action Fairness Act of 2005 – local controversies involving local plaintiffs, local defendants, and

local harm are properly pursued in state court. Under *Coffey* and 28 U.S.C. § 1332(d)(4)(A), this Court must remand this action to the Pawnee District Court.

DATED:        December 3, 2018,                    Respectfully Submitted,


/s/ Billy Joe Ellington

Billy Joe Ellington
Attorney at Law
PO Box 491
Pawnee, OK 74058
Ph: (918) 762-2589
Email: bjelaw33@gmail.com

Scott Poynter,
**Poynter Law Group**
400 W. Capitol Ave., Suite 2910
Little Rock, AR 72201
Tel: (501)251-1587
Email: scott@poynterlawgroup.com

Robin L. Greenwald
Curt D. Marshall
**Weitz & Luxenberg, PC**
700 Broadway
New York, NY 10003
Tel: (212) 558-5500
Fax: (212) 344-5461
Email: rgreenwald@weitzlux.com
Email: cmarshall@weitzlux.com

## CERTIFICATE OF SERVICE

On this 3rd day of December, 2018, I electronically filed the foregoing via the Court's CM/ECF system. The CM/ECF system will automatically serve all counsel of record.


/s/ Billy Joe Ellington