# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES ADAMS, on behalf of himself and other Oklahoma citizens similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 18-CV-00568-GKF-FHM<br>) |
| EAGLE ROAD OIL LLC,<br>CUMMINGS OIL COMPANY,<br>TERRITORY RESOURCES, LLC,<br>ENERVEST OPERATING, L.L.C.,<br>PETRO WARRIOR, L.L.C.,<br>PETROQUEST ENERGY, L.L.C., and<br>TRINITY OPERATING (USG) LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the court on the Motion to Remand [Doc. 46] of plaintiff James Adams, on behalf of himself and other Oklahoma citizens similarly situated (collectively, "plaintiffs"). For the reasons discussed below, the motion is granted.

**I.  Background/Procedural History**

This case has a lengthy procedural history—spanning almost three years—which the court does not attempt to comprehensively summarize. Rather, relevant to the instant motion, on November 17, 2016, plaintiffs filed the Class Action Petition in the District Court in and for Pawnee County, Oklahoma against defendants Eagle Road Oil LLC, Cummings Oil Company, and John Does. [Doc. 2-3]. On December 21, 2016, Cummings Oil removed the case to the Northern District of Oklahoma on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, where it was designated case no. 16-CV-757 and randomly assigned to U.S. District Judge Claire V. Eagan. [Doc. 2-9]. On April 12, 2017, Judge Eagan concluded the court lacked federal

question jurisdiction and therefore remanded the case back to the District Court for Pawnee County. [Doc. 2-13].

Plaintiffs filed the Third Amended Complaint—the operative pleading in this matter—on August 27, 2018 in the District Court for Pawnee County. In addition to previously named defendants Eagle Road and Cummings, the Third Amended Complaint named as defendants Territory Resources, LLC; Enervest Operating, L.L.C.; Petro Warrior, L.L.C.; PetroQuest Energy, L.L.C.; and Trinity Operating (USG) LLC for the first time. [Doc. 2-1]. Trinity removed the case to this court pursuant to the Class Action Fairness Act ("CAFA") provisions of 28 U.S.C. § 1332(d). [Doc. 2, p. 2, ¶ 5]. Plaintiffs now ask the court to decline jurisdiction and remand, and Enervest and Trinity have responded. [Doc. 91 and Doc. 93].

## II. Analysis

Plaintiffs contend the court should decline to exercise jurisdiction and remand is proper pursuant to § 1332(d)(4)(A), the local controversy exception to CAFA jurisdiction.[1] [Doc. 46]. The exception "is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes." *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009) (quoting S. REP. NO. 109-14, at 39 (2005)). As the party seeking remand, plaintiffs bear the burden of showing jurisdiction is improper in this court.[2] *Woods v. Standard*

---

[1] "Rather than divesting a court of jurisdiction, the local controversy exception 'operates as an abstention doctrine.'" *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) (quoting *Graphics Commc'ns Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011)).

[2] The showing required of plaintiffs to satisfy the burden of demonstrating that the local exception applies is unresolved in the Tenth Circuit. In *Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016), a panel required "some minimal showing." More recently, a separate Tenth Circuit panel required plaintiff to establish the elements of a CAFA jurisdictional exception by a

*Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014). With respect to the exception, the Tenth Circuit has explained:

> The local controversy exception provides that a federal court "shall decline" jurisdiction where: (1) more than two-thirds of the class members are citizens of the state where the action is filed; (2) plaintiffs seek "significant relief" from at least one local defendant who is a citizen of the state and whose alleged conduct forms a "significant basis" for the claims asserted; (3) the "principal injuries" were incurred in the state; and (4) no other class action "has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" in the three years prior.

*Dutcher,* 840 F.3d at 1190-91 (citing 28 U.S.C. § 1332(d)(4)(A)). In assessing each element, the court "bear[s] in mind that the purpose of each of these criteria is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others." S. REP. NO. 109-14, at 38 (2005). If a plaintiff satisfies all requirements, the court *must* decline to exercise jurisdiction. *Woods*, 771 F.3d at 1265; *see also* 28 U.S.C. § 1332(d)(4) ("[a] district court *shall* decline to exercise jurisdiction . . . .") (emphasis added).

In its response, Enervest argues only that plaintiffs have failed to satisfy their burden of proof with respect to the second element—specifically, that one defendant is an Oklahoma citizen. [Doc. 91]. Trinity contends that plaintiffs fail to establish both the second and fourth requirement. Specifically, Trinity argues that plaintiffs do not demonstrate that any defendant is a significant local defendant, and that this is not the only class action filed in the past three years involving the

---

preponderance of the evidence. *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 739 n.3 (10th Cir. 2018). Because the court concludes that plaintiff satisfies either showing, the court need not determine the appropriate burden of proof. However, the court notes that several circuits require a plaintiff to establish the applicability of a CAFA exception by a preponderance of the evidence. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013); *Vodenichar v. Halcón Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010).

same or similar allegations against the defendants.[3] The court first considers the second requirement—whether plaintiffs seek "significant relief" from at least one defendant who is a citizen of Oklahoma and whose alleged conduct forms a "significant basis" for plaintiffs' claims. 28 U.S.C. § 1332(d)(4)(A)(i)(II).

### A. Significant Local Defendant

The significant local defendant requirement stems from § 1332(d)(4)(A)(i)(II), which provides as follows:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)—
>
> (A)(i) over a class action in which
>
> ***
>
> (II) at least 1 defendant is a defendant—
>
> (aa) from whom significant relief is sought by members of the plaintiff class;
>
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> (cc) who is a citizen of the State in which the action was originally filed;

28 U.S.C. § 1332(d)(4)(A)(i)(II). Although both Enervest and Trinity argue that plaintiffs failed to satisfy their burden, only Trinity suggests that it would be appropriate for the court to consider extrinsic evidence to make the determination.

---

[3] Defendants apparently concede that plaintiffs have established the first and third requirements—that more than two-thirds of the class members are citizens of Oklahoma and the principal injuries occurred in Oklahoma. Further, the court notes that plaintiffs limit the putative class to citizens of Oklahoma who own or have ownership interest in residential or business property within the borders of Oklahoma. [Doc. 2-1, ¶ 47].

The propriety of considering extrinsic evidence to determine the significant local defendant requirement is an open question in the Tenth Circuit. In *Woods*, the Tenth Circuit declined to determine whether consideration of extrinsic evidence to satisfy the significant local defendant requirement would be appropriate. *Woods*, 771 F.3d at 1267 n.6. However, the court noted that, in *Coffey*, the Tenth Circuit "focus[ed] on the allegations in the complaint" to determine whether a defendant was one "from whom significant relief [was] sought" under prong (aa), but considered extrinsic evidence to determine the defendant's citizenship under prong (cc). *Id.* (citing *Coffey*, 581 F.3d at 1245). Subsequently, in the unpublished *Reece* decision, a Tenth Circuit panel concluded

> [b]ecause Plaintiffs did not include in their amended petition an unambiguous limitation confining the class definition to Oklahoma citizens, they were obliged to do more: they, perforce, had to marshal and present some persuasive substantive evidence (extrinsic to the amended petition) to establish the Oklahoma *citizenship* of the class members.

*Reece*, 638 F. App'x at 769 (emphasis added). In *Nichols*, another Tenth Circuit panel agreed with *Reece* and rejected the applicability of a rebuttable presumption of citizenship based on allegations of residence of plaintiff class members in the context of a CAFA exception requirement. *Nichols*, 718 F. App'x at 740-41.

Based on the foregoing, the court concludes its review of whether plaintiffs satisfy the requirements of (aa)—a defendant from whom significant relief is sought—and (bb)—whose alleged conduct forms a significant basis for the claims asserted—is limited to the allegations of the Third Amended Complaint. However, the court may look to extrinsic evidence to determine defendants' citizenship with respect to the requirement of (cc). *See Coffey*, 581 F.3d at 1245-46. As a published decision, *Coffey* is binding upon this court *See United States v. Spedalieri,* 910 F.2d 707, 709 n.2 (10th Cir. 1990). Moreover, more recent unpublished panel decisions limit

consideration of extrinsic evidence to a *citizenship* requirement in CAFA exceptions, albeit the requirement that more than two-thirds of the plaintiff class members be citizens of the state in which the suit is brought. *See Reece*, 638 F. App'x at 769; *Nichols*, 718 F. App'x at 740-41. Like the requirement of citizenship of the plaintiff class members, subsection (cc) requires a showing that the defendant against whom significant relief is sought and whose alleged conduct forms a significant basis for plaintiffs' claims is a citizen of the state in which the action was originally filed.

This approach is also consistent with the plain language of § 1332. Subsection (aa) requires plaintiffs to establish at least one defendant is a defendant "from whom significant relief is *sought*" and subsection (bb) requires the defendant to be one "whose *alleged* conduct forms a significant basis for the claims asserted." 28 U.S.C. § 1332(d)(4)(A)(i)(II) (emphasis added). The words "sought" and "alleged" focus attention on the relief sought as alleged in the complaint, "rather than on what may or may not be proved by evidence." *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011). Conversely, subsection (cc) requires a showing that the defendant "*is* a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) (emphasis added). "Unlike the words 'sought' and 'alleged,' used in subsections (aa) and (bb), the word 'is,' used in subsection (cc), indicates that an actual fact must be established." *Coleman*, 631 F.3d at 1015. Thus the plain language of § 1332 supports the court's conclusion that it will limit itself to the allegations of the Third Amended Complaint to determine whether plaintiffs satisfy the requirements of subsections (aa) and (bb), but will consider matters extrinsic to the pleading with respect to the requirement of subsection (cc).

Trinity contends that plaintiffs failed to provide evidence demonstrating that any defendant is an Oklahoma citizen. However, in its Notice of Removal, Trinity admitted that defendant Eagle

Road Oil LLC has its principal place of business in Tulsa, Oklahoma and therefore is an Oklahoma citizen under 28 U.S.C. § 1332(d)(10).[4] [Doc. 2, p. 3, ¶ 8]. Trinity is bound by this admission. *Evans v. Am. Equity Inv. Life Ins. Co.,* No. 07-2251-KHV, 2007 WL 9724335, at *2 (D. Kan. July 27, 2007); *see also Rooms v. S.E.C.*, 444 F.3d 1208, 1213 (10th Cir. 2006) ("A pleading prepared by an attorney is an admission, however, because the attorney presumably speaks for the litigant."). Likewise, Enervest admits Eagle Road's principal place of business is in Tulsa, Oklahoma such that it is an Oklahoma citizen, and is bound by this admission. [Doc. 48, p. 2, ¶ 6].[5] Thus, the requirement of subsection (cc) is satisfied.

The court next looks to the allegations of the Third Amended Complaint to determine whether Eagle Road constitutes a defendant from whom "significant relief" is sought and whose alleged conduct "forms a significant basis" for plaintiffs' claims. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II).

The Tenth Circuit interprets this requirement "strictly." The "local defendant must be a primary focus of the plaintiffs' claims—not just a peripheral defendant." *Woods*, 771 F.3d at 1266

---

[4] Although Oklahoma law generally determines a limited liability company's citizenship based on the citizenship of its members, Congress "prescribed a different rule as to unincorporated associations for purposes of" CAFA. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015). Under CAFA, an "unincorporated association," including a limited liability company, is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

[5] Further, the determination of the applicability of a CAFA exception "should be made largely on the basis of readily available information." S. REP. NO. 109-14, at 42 (2005). To that end, the court takes judicial notice of the record in this case, as well as the Oklahoma Secretary of State's business entity files designating Eagle Road's principal place of business as Oklahoma, which are publicly available on its website at https://www.sos.ok.gov/corp/corpInquiryFind.aspx. *See* [Doc. 2-26, pp. 1-2, ¶ 5 (Answer of Eagle Road, LLC to Second Amended Petition admitting its principal place of business is in Tulsa, Oklahoma)]. *See also Hollinger v. Home St. Mut. Ins. Co.*, 654 F.3d 564, 570-72 (5th Cir. 2011) (taking judicial notice of census data to determine applicability of "local controversy" and "home state" exceptions to CAFA jurisdiction).

(citing S. REP. NO. 109-14, at 38 (2005)). "The defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership), as well as being a defendant whose alleged conduct forms a significant basis for the claims asserted by the class." *Id.*

Plaintiffs first allege that scientists have tied Oklahoma earthquakes in recent years "to the disposal of wastewater from fracking operations, which the oil and gas industry uses to release trapped oil and gas." [Doc. 2-1, ¶ 20]. Specifically, "[t]he waste fluids generated from fracking are mostly disposed of by injecting the wastewater fluids back into the earth (sometimes under pressure) in what are usually called wastewater disposal wells or injection wells. This process of pollution causes earthquakes[.]" [*Id.* ¶ 23]. Plaintiffs assert that, on September 3, 2016, a magnitude 5.8 earthquake occurred near Pawnee, Oklahoma, and "[a]ll segments of Oklahoma's government . . . agree that Pawnee's 5.8m earthquake was induced by Defendants' wastewater disposal operations and from the injection wells they operate nearby." [*Id.* ¶¶ 29 and 32]. Thus, plaintiffs explicitly allege that the disposal of fracking wastewater with injection wells caused the Pawnee earthquake. [*Id.* ¶¶ 36 and 39].

Specific to Eagle Road, plaintiffs assert that Eagle Road, with Enervest, operated five disposal wells in the area that polluted the Arbuckle formation with fracking waste. [*Id.* ¶ 40]. Cumulatively, the five wells allegedly dumped more than seven hundred (700) million gallons of wastewater over twelve (12) years into the Arbuckle, which proximately caused the September 3, 2016 Pawnee earthquake. [*Id.*]. Only defendant Territory Resources, LLC is alleged to have injected more gallons of wastewater into the Arbuckle over the last 12 years or operated more wells. [*Id.* ¶¶ 40-44].

Plaintiffs allege that Eagle Road breached its duty to all members of the putative class to "use ordinary care and not to operate or maintain their injection wells in such a way as to cause or contribute to seismic activity," and seeks to impose liability on Eagle Road for damage sustained by the entire class. [*Id.* ¶¶ 76-77]. Plaintiffs further assert that Eagle Road conducted an ultrahazardous activity—such conduct of which constitutes a private nuisance—and therefore seek to impose liability on Eagle Road to the entire class. [*Id.* ¶¶ 62-74 and 78-81]. Finally, plaintiffs seek to hold Eagle Road liable for trespass to all members of the class. [*Id.* ¶¶ 65-68 (*sic*)].

In the Third Amended Complaint, relief is sought against Eagle Road by members of the entire class, not merely a subset of the class. Further, plaintiffs seek "significant relief" from Eagle Road, as the Third Amended Complaint asserts that Eagle Road (in conjunction with Enervest) operated the second greatest number of wells amongst the defendants and constituted the second biggest polluter in terms of gallons of wastewater injected in the Arbuckle during the relevant time period. The court's conclusion is consistent with the legislative history of CAFA, as demonstrated by consideration of the examples provided in the Senate Judiciary Committee report of appropriate and inappropriate exercises of CAFA jurisdiction. To illustrate the "local controversy" exception, the Senate provided the following:

> A class action is brought in Florida state court against a Florida funeral home regarding alleged wrongdoing in burial practices. Nearly all the plaintiffs live in Florida (about 90 percent). The suit is brought against the cemetery, a Florida corporation, and an out-of-state parent company that was involved in supervising the cemetery. No other class action suits have been filed against the cemetery. This is precisely the type of case for which the Local Controversy Exception was developed. Although there is one out-of-state defendant (the parent company), the controversy is at its core a local one, and the Florida state court where it was brought has a strong interest in resolving the dispute. Thus, this case would remain in state court.
>
> A class action is brought in Florida against an out-of-state automobile manufacturer and a few in-state dealers, alleging that a certain vehicle model is unsafe because of an allegedly defective transmission. The vehicle model was sold

> in all fifty states but the class action is only brought on behalf of Floridians. This case would not fall within the Local Controversy Exception for two reasons. First, the automobile dealers are not defendants whose alleged conduct forms a significant basis of the claims or from whom significant relief is sought by the class. Even if the plaintiffs are truly seeking relief from the dealers, that relief is just small change compared to what they are seeking from the manufacturer. Moreover, the main allegation is that the vehicles were defective. In product liability cases, the conduct of a retailer such as an automobile dealer does not form a significant basis for the claims of the class members. Second, the case falls outside the Local Controversy Exception because the "principal injuries resulting from the alleged conduct,"–i.e., selling a vehicle with a defective transmission–were incurred in all fifty states. The fact that the suit was brought as a single-state class action does not mean that the principal injuries were local. In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct–not just where the proposed class members were injured. Thus, any defendant could remove this case to federal court.

S. REP. NO. 109-14, at 39 (2005). Here, all of the plaintiffs are Oklahoma citizens because the putative class is limited to citizens of Oklahoma. [Doc. 2-1, ¶ 47]. The "main allegation" is that disposal of fracking wastewater with injection wells caused the Pawnee earthquake, and Eagle Road is alleged to have injected the second most wastewater amongst the defendants. Further, the relief sought is based solely on damage to Oklahoma residential or business property as a result of earthquakes that occurred in Oklahoma and therefore the principal injuries resulting from the alleged conduct are limited to Oklahoma. [*Id.*]. Based on the foregoing examples, the court concludes this matter constitutes a matter of "truly local focus" that should not be moved to this court because Oklahoma has a strong interest in adjudicating the dispute. S. REP. NO. 109-14, at 38 (2005).

In response to the motion to remand, Trinity argues that plaintiffs fail to allege that the volume of fluid injected correlates to occurrences of seismicity. However, as discussed above, plaintiffs allege that wastewater disposal operations caused the earthquakes, and that increased wastewater disposal operations result in more earthquakes. [Doc. 2-1, ¶¶ 22-25 and 27]. Eagle Road is alleged to be the second biggest polluter and therefore its conduct is significant compared

to the conduct of other defendants. Although Eagle Road may not ultimately *be liable* to plaintiffs, the court's analysis of this issue is limited to the allegations of the Third Amended Complaint. It is clear from those allegations that Eagle Road is a "real target" of the litigation, rather than "an isolated role player." *Cf. Woods*, 771 F.3d at 1266. In fact, the court takes judicial notice of the fact that Eagle Road was a defendant in plaintiffs' original Class Action Petition. *See* [Doc. 2-3]. Thus, the requirements of subsections (aa) and (bb) are satisfied and Eagle Road constitutes a significant local defendant. That is, plaintiffs seek "significant relief" from at least one defendant who is a citizen of Oklahoma and whose alleged conduct forms a "significant basis" for plaintiffs' claims.[6]

### B. Only Class Action Requirement

As previously stated, Trinity also contends that this case is not the only class action filed in the past three years involving the same or similar allegations against the defendants as required by CAFA. 28 U.S.C. § 1332(d)(4)(A)(ii). As previously stated, the local controversy exception requires plaintiffs (as the party seeking remand) to demonstrate that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."

---

[6] The court further notes that Territory admits that it is "organized under the laws of the State of Oklahoma and maintains its principal place of business at 1511 S. Sangre Road, Stillwater, Oklahoma," [Doc. 44, ¶ 8] and the Oklahoma Secretary of State business entity records establish Territory constitutes an Oklahoma domestic limited liability company. Thus, Territory is an Oklahoma citizen and also satisfies the requirement of subsection (cc). Plaintiffs allege that Territory owned seven (7) disposal wells in the area that polluted the Arbuckle—the most of any defendant. Plaintiffs further allege that Territory injected 3.7 billion gallons of wastewater into the Arbuckle during the relevant period—again, the most of any defendant. [Doc. 2-1, ¶ 41]. Thus, Territory also constitutes a defendant who is a citizen of Oklahoma and whose alleged conduct forms a "significant basis" for plaintiffs' claims.

*Id.* Because the statute speaks of a case "filed" as a class action, the Tenth Circuit has stated "the relevant temporal point to determine whether a case is a class action is when the complaint seeking class-wide relief is filed." *Dutcher*, 840 F.3d at 1193.

Trinity cites the date of the filing of the Third Amended Complaint as the relevant temporal point and alleges three other cases were filed prior to that pleading. Trinity's position is contrary to Tenth Circuit authority, however, as the relevant temporal point is the date when the complaint seeking class-wide relief is filed. *Dutcher*, 840 F.3d at 1193; *see also* 28 U.S.C. § 1332(d)(4)(A)(ii) ("during the 3-year period preceding the filing of *that class action*, no other class action has been filed . . . .") (emphasis added). This case was originally filed as a class action on November 17, 2016. [Doc. 2-3]. Thus, November 17, 2016 is the relevant temporal point to determine the other class action requirement of the local controversy exception. *See Vodenichar*, 733 F.3d at 509-10.

Two of the cases cited by Trinity in its response were filed after 2016 and therefore cannot constitute a class action filed in the preceding three years for purposes of the local controversy exception. *See* [Doc. 93, p. 7 (citing *Lisa Griggs, et al. v. New Dominion, LLC*, Case No. CJ-2017-174 (Logan Cty. July 21, 2017) and *Pawnee Nation of Oklahoma et al. v. Eagle Road Oil LLC*, Case No. 18-CV-00263-JED-JFJ (N.D. Okla. May 17, 2018))].

Trinity cites only one case filed prior to plaintiffs' Class Action Petition in this matter—*Lisa West v. Chaparral Energy, LLC*, Case No. 15-CV-00264-F (W.D. Okla. Oct. 14, 2016). However, none of the defendants in this case were named defendants in *West* at the time of the filing of that class action and, in fact, have never been named defendants to that action. Rather, Trinity asserts that the defendants in this case fell within the *West* case's definition of the proposed defendant class. "[U]nnamed members of a putative class [] are not parties to class litigation." *In*

*re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1203 (10th Cir. 2016) (citing *Smith v. Bayer Corp.*, 564 U.S. 299 (2011)); *see also Quicken Loans Inc. v. Alig*, 737 F.3d 960 (4th Cir. 2013) ("[U]nidentified members of an uncertified purported class are not 'defendants'" for purposes of local controversy exception.). Where a defendant is not a named party, and therefore need not appear or participate in the other proceedings, the earlier filed lawsuit does not implicate the concerns regarding coordination or competition that CAFA is intended to address. S. REP. NO. 109-14, at 39 (2005). Further, the court notes that the phrase "defendant class" does not appear in CAFA, but that CAFA includes only "references to the 'defendant' or 'defendants' consistently . . . in opposition to the 'class.'" *Saskatchewan Mut. Ins. Co. v. CE Design, Ltd.*, 865 F.3d 537 (7th Cir. 2017). Thus, the *West* case does not constitute an action against any of the defendants for purposes of CAFA's local controversy exception, and the only class action requirement is satisfied.

Based on the foregoing, the requirements of the local controversy exception are satisfied. Accordingly, § 1332 dictates that this court shall decline to exercise subject matter jurisdiction in this matter, and remand the case back to state court.

### III. Conclusion

WHEREFORE, the Motion to Remand [Doc. 46] of plaintiff James Adams, on behalf of himself and other Oklahoma citizens similarly situated is granted. The Court Clerk is hereby directed to remand this action to the District Court for Pawnee County, Oklahoma.

DATED this 23rd day of July, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE